SEND
JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09–5159 PA (SSx) | Date | July 20, 2009 |
|---|---|---|---|
| Title | James Glasner v. The Waggoners Trucking, Inc. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| Paul Songco | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS — COURT ORDER

    Before the Court is a Notice of Removal (Docket No. 1) filed by defendant The Waggoners Trucking, Inc. ("Defendant"). Defendant asserts jurisdiction based on diversity of citizenship. See 28 U.S.C. § 1332.

    Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). "The removal statute is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking the statute." California ex rel. Lockyer v. Dynegy, Inc., 375 F.3d 831, 838 (9th Cir. 2004) (citing Ethridge v. Harbor House Rest., 861 F.2d 1389, 1393 (9th Cir. 1988)). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). "The defendant also has the burden of showing that it has complied with the procedural requirements for removal." Riggs v. Plaid Pantries, Inc., 233 F. Supp. 2d 1260, 1264 (D. Or. 2001).

    In attempting to invoke this Court's diversity jurisdiction, Defendant must prove that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). Persons are domiciled in the places they reside with the intent to remain or to which they intend to return. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." Id.

    Here, plaintiff James Glasner's ("Plaintiff") form complaint ("Complaint") does not appear to

SEND
JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09–5159 PA (SSx) | Date | July 20, 2009 |
|---|---|---|---|
| Title | James Glasner v. The Waggoners Trucking, Inc. | | |

state Plaintiff's citizenship. Defendant alleges that "it is Defendant's information and belief, that plaintiff is, and was at the time he filed the litigation, a resident of the State of California[.]" Residency is not the same as citizenship. Kanter, 265 F.3d at 857. Moreover, "[a] petition alleging citizenship upon information and belief is insufficient" to establish diversity. Bradford v. Mitchell Bros. Truck Lines, 217 F. Supp. 525, 527 (N.D. Cal. 1963); see also Kanter, 265 F.3d at 857 ("Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties."). Accordingly, Defendant's allegations of Plaintiff's citizenship are insufficient.

Additionally, when an action has been removed, and the amount in controversy is in doubt, there is a "strong presumption" that the plaintiff has not claimed an amount sufficient to confer jurisdiction. Gaus, 980 F.2d at 566 (citing St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288–90, 58 S. Ct. 586, 590–91, 82 L. Ed. 845 (1938)). "When not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold." Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003); Kenneth Rothschild Trust v. Morgan Stanley Dean Witter, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002)("If the amount in controversy is not clear on the face of the complaint, however, defendant must do more than point to a state law that might allow recovery above the jurisdictional minimum. Rather, the defendant must submit summary-judgment type evidence to establish that the actual amount in controversy exceeds $75,000.") (quotations omitted).

Here, Defendant alleges the following regarding the amount in controversy:

> This action involves an alleged collision between a tractor trailer owned by Waggoners and a bicyclist (Glasner) that occurred on February 10, 2007 on eastbound State Route 118 in the State of California. As more particularly described in their Complaint (Exhibit 1), plaintiff claims he sustained damages, property damage and loss of earning capacity as a result of the traffic collision. Defendant is informed and believes that the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs, based upon the nature and extent of the alleged injuries and damges.

(Notice of Removal ¶ 6.) The form Complaint alleges unlimited damages that exceed $25,000, but otherwise alleges damages according to proof. It says nothing about Plaintiff's damages exceeding $75,000. The Court finds that Defendant's bare allegations in the Notice of Removal are insufficient to demonstrate that the amount in controversy exceeds the jurisdictional minimum by a preponderance of the evidence. See Matheson, 319 F.3d at 1090; Kenneth Rothschild Trust, 199 F. Supp. 2d at 1001.

Finally, Defendant has failed to demonstrate that its Notice of Removal is timely. "[A] proper

SEND<br>JS-6

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 09–5159 PA (SSx) | Date | July 20, 2009 |
|---|---|---|---|

| Title | James Glasner v. The Waggoners Trucking, Inc. |
|---|---|

removal notice must be filed within 30 days of service of the plaintiff's complaint." 28 U.S.C. § 1446(b); Parrino v. FHP, Inc., 146 F.3d 699, 703 (9th Cir. 1998). "If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable . . . ." 28 U.S.C. § 1446(b). Failure to comply with the statutory time limit bars removal. See, e.g., N. Ill. Gas Co. v. Airco Indus. Gases, 676 F.2d 270, 273 (7th Cir. 1982). Here, the Complaint was filed on February 6, 2009. Defendant merely asserts that "[t]he time within which this defendant is required to file a Notice of Removal has not yet expired." (Notice of Removal ¶ 5.) Defendant does not assert when it was served with the Complaint, or when it first received a paper establishing that the case was removable. Defendant bears the burden of establishing that it complied with the procedural requirements for removal, Riggs, 233 F. Supp. 2d at 1264, but here it has failed to do so.

      Because neither the "four corners" of the Complaint nor the Notice of Removal contain sufficient allegations concerning citizenship or amount in controversy, Defendant has not met its burden to establish this Court's jurisdiction. See Harris v. Bankers Life and Cas. Co., 425 F.3d 689, 694 (9th Cir. 2005); California ex rel. Lockyer, 375 F.3d at 838. Moreover, the Court is compelled to remand this case for failure to comply with the removal requirements of 28 U.S.C. § 1446. See 28 U.S.C. §§ 1446(b), 1447(c); Riggs, 233 F. Supp. 2d at 1264. Accordingly, the Court remands this action to Ventura County Superior Court, Case No. 56-2009-0033699-CU-PA-VTA.

      IT IS SO ORDERED.